IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| B.M. WATSON,<br><br>Plaintiff,<br><br>vs.<br><br>XO COMMUNICATIONS SERVICES LLC, and John Does 1-5.<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER REMANDING CASE**<br><br>Case No. 2:17-cv-00156<br><br>Judge Clark Waddoups |

The court previously entered an Order to Show Cause holding that "[a]bsent XO Communications' citation to contrary controlling authority, failure to affirmatively allege the citizenship of all of its members will result in the case being remanded." (ECF No. 44 at 5.) As explained in more detail below, XO Communications has failed to meet its burden in establishing diversity jurisdiction. The case is remanded to the state court.

Background

Because Defendant XO Communications, in its Notice of Removal, failed to allege the citizenship of all of its members, the court, on August 10, 2018, ordered XO Communications "to show cause" "why the case should not be remanded for lack of jurisdiction." (ECF No. 37 at 4.) On August 24, 2018, XO Communications filed its Response to Order to Show Cause. (ECF No. 42.) In this response, XO communications provided "[t]he organizational structures" "for XO" as it "existed at the time the Complaint was filed in state court on January 20, 2017 as well as at the time the Notice of Removal was filed on March 3, 2017." (ECF No. 42 at 2 n. 1 (citing *Four Aces Mobile Home Estates v. Lundahl*, 35 F. Supp. 2d 1337, 1339 (D. Utah) *aff'd*, 166 F.3d 347 (10th

1

Cir. 1998) for the proposition that "for complete diversity to exist in a removed case diversity must be present both at the time the notice of removal is filed in federal court and at the time the state court action was commenced.").)

Regarding the time the Complaint was filed in state court, XO Communications stated the following:

> Via a series of Delaware limited liability companies, XO Communications Services, LLC ("XO") was wholly owned by either a Delaware corporation and/or an individual person. None of the Delaware corporations in the chain of ownership had a principal place of business in Utah. The relevant individual person was not a citizen of Utah . . . Accordingly, XO was not a citizen of Utah as of January 20, 2017.

ECF No. 42 at 2. XO Communications also stated that "[t]he identities of the unnamed entities and the individual persons [referenced above] are intended to remain private for business reasons." (ECF No. 42 at 2 n. 2.)

On August 29, 2018, the court entered a second Order to Show Cause holding that "[a]bsent XO Communications' citation to contrary controlling authority, failure to affirmatively allege the citizenship of all of its members will result in the case being remanded." (ECF No. 44 at 5.) The court also stated that "[i]f XO Communications can satisfy the requirements of DU-CivR 5-3, the court may consider allowing XO Communications to allege the identities and citizenship of its members under seal." (ECF No. 44 at 5 n. 3.)

On September 12, 2018, XO Communications filed a Response to the second order to show cause. (ECF No. 46.) In this Response, XO Communications stated that "the Tenth Circuit does not require affirmative allegations or evidence of diversity; instead, 'all that is necessary is that a party establish that diverse citizenship does or does not exist.'" (ECF No. 46 at 2 (quoting *Amoco Rocmount Co. v. Anschutz Corp.*, 7 F.3d 909, 915–16, n.1 (10th Cir. 1993).) XO

2

Communications cited to four Tenth Circuit cases in support of its argument.[1] XO Communications also cited to "[c]ourts in other circuits" that "have similarly recognized that proof that litigants are from differing states, without regard to what those states may be, is sufficient proof of diversity." (ECF No. 46 at 4.) XO Communications did not allege the identities and citizenship of its members under seal. (*See* ECF No. 46.) Nor did XO Communications even address the option to file the identities and citizenship of its members under seal. (*See* ECF No. 46.)

## Analysis

"In general, for jurisdictional citizenship, there are two types of business organizations: corporations and unincorporated associations." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). "For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Id*. (citing 28 U.S.C. § 1332(c)(1)). An "unincorporated entity's citizenship is typically determined by its members' citizenship." *Id*. As the court previously noted, the Tenth Circuit has concluded that an LLC is an unincorporated association, not a corporation. *See Siloam Springs Hotel, L.L.C. v. Century Sur.Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members.") And, as the court previously noted, "Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members." *Id*. at 1237–38. Again, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the

---

[1] (1) *Amoco Rocmount Co. v. Anschutz Corp.*, 7 F.3d 909 (10th Cir. 1993), *abrogated by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010); (2) *Shell Rocky Mountain Prod., LLC v. Ultra Res., Inc.*, 415 F.3d 1158 (10th Cir. 2005); (3) *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299 (10th Cir. 1968); and (4) *United Nuclear Corp. v. Moki Oil & Rare Metals Co.*, 364 F.2d 568, 570 (10th Cir. 1966).

absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006) (citation omitted).

As noted above, the court previously held that "[a]bsent XO Communications' citation to contrary controlling authority," "XO Communications cannot meet its burden in establishing diversity jurisdiction without affirmatively alleging the citizenship of all of its members." (ECF No. 44 at 5.) The question for this court is whether XO Communications' cited Tenth Circuit authority support its claim that its "assertions comport with the citizenship test requirements for unincorporated entities." (ECF No. 46 at 6.) The court addresses each of XO Communications' cited Tenth Circuit cases in turn.

The first case is *Amoco Rocmount Co. v. Anschutz Corp.*, 7 F.3d 909 (10th Cir. 1993). XO Communications cites *Amoco* for the proposition that "XO's assertions comport with the citizenship test requirements for unincorporated entities." (ECF No. 46 at 6 (citing *Amoco*, 7 F.3d at 915–916, n.1).) But in that case, Amoco, the party "bear[ing] the burden or proving" diversity jurisdiction was a corporation—not an unincorporated association. *See Amoco*, 7 F.3d at 914. And in that case, the identity of the corporation was known to the court. For example, the district court knew that "Amoco's assets and production activities [were] in Utah and Wyoming." *See id*. at 916. Because of this knowledge, the district court was able to conclude that the corporation's principal place of business was "not Colorado." *Id*. It was because the district court had this knowledge that the Tenth Circuit stated "[d]iversity jurisdiction is premised upon the parties being from different states; which states those happen to be is not relevant if the party can be served, as long as it is clear that the possibilities do not include states that would destroy diversity." *Id*. at 916 n. 3.

4

Here, unlike the corporation in *Amoco*, none of the identities of the Delaware corporations that owned XO Communications Services, LLC during the relevant period are known to the court. Nor are those corporations' principal places of business known to the court—meaning the court has no idea what the corporations' citizenships are. Nor does the court know the citizenship of the individual owner. The court in *Amoco* did not have to take the corporation's "and its counsel's word" *Brown v. Diversified Maint. Sys., LLC*, No. 16-CV-230, 2016 WL 3207712, at *3 (W.D.N.Y. June 10, 2016) that the corporation was not a citizen of the same state as the plaintiff because the court knew the identity of the corporation and because the court had information about the corporation with which it could make an independent determination as to diversity. That is not the case here. XO Communications' reliance on *Amoco* is misplaced and not well taken.

Next, the court turns to *Shell Rocky Mountain Prod., LLC v. Ultra Res., Inc.*, 415 F.3d 1158 (10th Cir. 2005). In that case, the plaintiff was "a Delaware limited liability corporation (LLC)" and the defendant was "a Wyoming corporation." *Id*. at 1162. It appears that the Tenth Circuit in that case applied the citizenship test for corporations to the plaintiff LLC. *See id*. Regardless, in that case, the "parties [were] in disagreement . . . as to the location of the [corporation's] principal place of business." *Id*. The identity of the corporation was known to the court. *See id*. The Tenth Circuit "conclude[d] [that] the district court did not commit clear error in its determination that [the defendant corporation's] principal place of business [was] either Wyoming or Colorado, but not Texas." *Id*. at 1163. Again, the district court had information with which it could make an independent determination as to the defendant's citizenship. No such information exists here. XO Communications' reliance on *Shell Rocky* is misplaced.

Next, the court turns to *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299 (10th Cir. 1968). In that case, a corporation—not an unincorporated entity—filed a "timely removal

5

petition" that was originally "defective for failure to specify . . . the principal place of business of the defendant or otherwise show that such principal place of business was in a state other than that of the citizenship of the plaintiff." *Hendrix*, 390 F.2d at 300. Because the removal petition was initially defective, the district court "granted leave to set out fully by amendment the basis of diversity jurisdiction in accordance with facts which are not challenged." *Id*. Again, the identity of the removing defendant was known to the court. *Id*. That is not the case here. XO Communication's reliance on *Hendrix* is misplaced.

Next, the court turns to *United Nuclear Corp. v. Moki Oil & Rare Metals Co.*, 364 F.2d 568 (10th Cir. 1966). Again, this case involved corporations, not unincorporated associations. *See Moki Oil*, 364 F.3d at 569 ("This is a diversity action brought by Moki Oil & Rare Metals Company, a New Mexico corporation, against Phillips Petroleum Company and United Nuclear Corporation, both Delaware corporations."). And, again, the identities of the corporations were known to the court. *See id*. After reviewing "affidavits," "exhibits introduced in evidence," "and portions of certain depositions taken," the district court found that one of the corporations "had its principal place of business in a state other than the State of New Mexico, and therefore complete diversity of jurisdiction existed . . . ." *Id*. at 570. Once again, XO Communications relies on a case in which the district court was able to make an independent determination as to a corporation's principal place of business. XO Communications' reliance on *Moki Oil* is misplaced.

The court will not address XO Communications' citations to out of circuit authority because those cases are not binding on this court. XO Communications' cited Tenth Circuit authority does not support its claim that its "assertions comport with the citizenship test requirements for unincorporated entities." (ECF No. 46 at 6.) XO Communications has not presented the court with any controlling authority standing for the proposition that it can meet its

burden of establishing diversity without affirmatively pleading the identity and citizenship of its members. Again, "where the unincorporated association is the proponent of diversity jurisdiction, there is no reason to excuse it of its obligation to plead the citizenship of each of its members." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.36 (3d Cir. 2015). The court further allowed XO Communications the option of satisfying its pleading requirements by filing the alleged confidential information under seal. XO Communications elected not to do so, notwithstanding the fact that it has the burden of proof on this issue. The Tenth Circuit has made this requirement clear in its Rules of Appellate Procedure. *See* 10th Cir. R. App. P. 26.1(A)(1) ("[w]here the asserted basis for federal jurisdiction is 28 U.S.C. § 1332 and a party . . . to the appeal [is] formed as a limited liability company . . . each party so defined must . . . [i]nclude in that party's brief a statement identifying its members and their states of citizenship."). Regarding the time the Complaint was filed in state court, XO Communications has not identified each of its members and their states of citizenship. It has failed to meet its burden in establishing diversity jurisdiction.

## Conclusion

The court REMANDS the matter to the state court. Because of this result, the pending Motions, (ECF Nos. 29, 35, and 47) are MOOT.

SO ORDERED this 17th day of September 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge
